667 F.2d 1026
 1981-2 Trade Cases 64,375
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Hillside Dairy Co.
v.
Fairmont Foods Co.
 No. 80-3373.
 United States Court of Appeals, Sixth Circuit.
 Filed Oct. 29, 1981.
 
 Before LIVELY and KENNEDY, Circuit Judges; and PECK, Senior Circuit Judge.
 
 Order
 PER CURIAM
 
 1
 At issue in this case is whether a finding of the District Court for the Northern District of Ohio that appellee Fairmont Foods Company underbid appellant Hillside Dairy Company on a milk contract in a good faith attempt to meet appellant's price is clearly erroneous. We hold that it is not and affirm the judgment of the District Court.
 
 
 2
 Appellant sells milk and other dairy products in and around Cleveland, Ohio. During the mid and late 1960's appellee also sold dairy products in Cleveland, as well as in a number of other states throughout the mideast. In 1968 appellant's largest single customer was the Eagle Supermarket Co., which operated a chain of grocery stores in and around Cleveland. In September, 1968, appellee underbid appellant for the Eagle business, offering a price of $.3668 per half gallon of homogenized milk in a paper carton, some 3 cents below appellant's price of $.3966.
 
 
 3
 Appellant filed a complaint with the Federal Trade Commission, then brought this suit, alleging that appellee's price, which was different than the price appellee charged other customers, was offered in an attempt to injure or lessen competition in violation of the Robinson-Patman Act, 15 U.S.C. Sec. 13(a). At the conclusion of appellant's proofs appellee moved for dismissal under Fed.R.Civ.P. 41(b). The District Court found that the preponderance of appellant's evidence established that appellee underbid appellant in a good faith attempt to meet competition, and granted the motion.
 
 
 4
 The Robinson-Patman Act makes it unlawful for a seller to charge discriminatory prices if the effect of the discrimination may be substantially to lessen competition. Proof of price discrimination establishes a prima facie case that the Act has been violated. However, this prima facie case is rebutted by a showing that the low price was the result of a good faith attempt to meet a competitor's price. If facts are proved that would lead a reasonable and prudent person to believe that his lower price would in fact meet the equally low price of a competitor, he has established his meeting competition defense. Great Atlantic & Pacific Tea Co. v. F.T.C., 440 U.S. 69, 82 (1979).
 
 
 5
 The District Court found that Levit, one of Eagle's managers, represented to Bender, appellee's salesman, that appellant would have to do better than 32% off appellant's list price of $.54 per half gallon (or $.3672) in order to get the Eagle account. As it turned out, this representation was false. The District Court found that appellee could not directly verify appellant's true price, because it was "unheard of" in the Cleveland dairy products market for one competitor to have access to another's prices. Even indirect verification was difficult, since the complex system of discounts and rebates made the determination of the going rate for milk something of an art.
 
 
 6
 Nonetheless, appellee did attempt to verify Levit's statement. It contacted Levit again, and he confirmed the price. Burby, Bender's supervisor, found a price of $.3672 to be consistent with his knowledge of past and present prices at the low end of the Cleveland market. Appellee performed no less than three cost studies before it began servicing the Eagle account, all of which indicated that it would make a profit on the account, which indicates that a price of $.3672 was not unreasonably low. Although these cost studies were necessarily speculative, since appellee was at the time opening a new dairy plant in Cleveland the actual operating costs of which were unknown, there is no evidence that the cost studies were done in bad faith.
 
 
 7
 The evidence of appellee's good faith was less than compelling, but that is caused by the secrecy of the Cleveland market. On appeal, appellant only argues that appellee might somehow have done more to verify appellant's prices, and that it was bad faith for appellee to rely on the evidence outlined above although it was the only evidence available. We disagree, and hold that the District Court's conclusion is not clearly erroneous.
 
 
 8
 Appellant also notes that a competitor is only permitted to meet, not to beat, the competition. It argues that since appellee charged Eagle a price that it believed was $.0004 below appellant's price, it could not have been trying to meet the competition. There is no proof in the record that a price difference of $.0004 is of the slightest significance in the Cleveland milk market. The only evidence is that a price difference of $.01 might be significant. The fact that appellee underbid appellant by $.0004 does not establish that it was "beating" the competition so as to violate the Robinson-Patman Act.
 
 
 9
 Accordingly, the judgment of the District Court is affirmed.